816 F.2d 674
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Miguel Marcelo Del-Toro DESDIN, Appellant.
UNITED STATES of America, Appellee,
v.
Armando ALONSO-PEREZ, Appellant.
 Nos. 86-5077(L), 86-5080.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 5, 1987.
Decided April 15, 1987.
 
 1
 Before WIDENER, and WILKINSON, Circuit Judges, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.
 
 
 2
 William F. Byrne; William Jackson Davis, on brief, for appellants.
 
 
 3
 David E. Godwin, Assistant United States Attorney (William A. Kolibash, United States Attorney, on brief), for appellee.
 
 SENTELLE, District Judge:
 
 4
 Appellants were convicted below of four counts each involving conspiracy to distribute cocaine, interstate transportation in aid of racketeering, illegal use of a communication facility, and interstate transportation of a firearm with the intent to commit a felony therewith. Both attack these convictions on grounds of insufficiency of evidence and alleged evidentiary errors. Del-Toro also alleges the failure of the government to comply with discovery requirements. Of these arguments, the only one having merit is as to the sufficiency of the evidence to support the firearms conviction. As to that conviction alone, we reverse; as to all others, we affirm.
 
 I.
 
 5
 As to the sufficiency of evidence on the non-firearms charges, the standard for review is well established and was recently restated in United States v. Stockton, 788 F.2d 210, 218 (4th Cir.1986), cert. denied --- U.S. ----, 107 S.Ct. 147 (1986):
 
 
 6
 "In reviewing the denial of a judgment of acquittal, we must determine whether there is no substantial evidence in the record to support the jury's finding that the defendant is guilty beyond a reasonable doubt. United States v. McCloskey, 682 F.2d 468, 473 (4th Cir.1982). In doing so, we must construe the evidence in the light most favorable to the prosecution. Glasser v. United States, 315 U.S. 60, 80 (1942) (other citations omitted)."
 
 
 7
 In the case at bar, there is plenary evidence that a conspiracy existed between Otto Resende, defendant below who pleaded guilty and did not appeal, and Robert Antich, a resident of Morgantown, West Virginia, and an unindicted co-conspirator. Appellants' argument is that there is insufficient evidence to connect them with the conspiracy. Evidence introduced at trial indicated that on June 24, 1985, Antich sold cocaine obtained from Resende to an FBI agent and a cooperating individual; that Resende at that time had not been paid for the cocaine by Antich; that Resende and Antich had a series of telephone conversations over the next few days concerning this lack of payment culminating in one on June 28 in which Resende informed Antich that he had sent a Cuban friend of his to Morgantown with another man to collect the debt and had given the debt collector the address of Antich's restaurant. The jury could find from further evidence that a Spanish speaking person called the restaurant at approximately 2 to 3:00 P.M. that same afternoon and talked with an employee of Antich's; that the Spanish speaking person who called indicated that he and another person were from Miami and were friends of Otto's; that the caller gave the employee his current location and the employee gave the caller directions to a Ramada Inn. The jury could further have found that at 5 to 6:00 P.M. that same day, the same caller advised the same employee that he and his companion had checked into the Ramada Inn and were in Room 412; that Antich called Room 412 at approximately 6:00 P.M. and talked to the appellants in this case. During that conversation, Antich asked appellant Alonso if he had brought "anything" with him and arranged to meet the two at 7:30 to 8:00 P.M. at the Ramada Inn. At the time of the arranged meeting, federal agents arrested the appellants in Rooms 412 and 450, each with a loaded pistol among his belongings. Also among the belongings of appellant Del-Toro, the agents found a telephone directory yellow pages advertisement for Antich's restaurant and Otto Resende's business card together with a map from Florida to Morgantown, West Virginia, with Antich's restaurant phone number written upon it. Additionally, the government offered evidence of extra-judicial statements by co-conspirators against both appellants and evidence of prior wrongful acts involving conspiratorial-type behavior between appellant Alonso and Otto Resende.
 
 
 8
 Without belaboring the point, as this Court has recently noted:
 
 
 9
 "Appellate review of conspiracy convictions has generally been a two-step process: first, to determine whether the evidence is sufficient to show that a conspiracy existed; second, to consider which, if any, of the appellants were shown to be members thereof. (citations omitted.)
 
 
 10
 ".... (in the second step) the government need only show 'slight evidence' that a particular person was a member of a conspiracy once the conspiracy itself is established." United States v. Truglio, 731 F.2d 1123, 1132-33 (4th Cir.1984), cert. denied 469 U.S. 862 (1984).
 
 
 11
 In this case, there is far more than slight evidence and the conspiracy conviction must stand. As to the other counts of the indictment, it is fixed law that each party to a continuing conspiracy may be held responsible for any substantive offense committed by a co-conspirator in furtherance of the conspiracy whether or not he participates in the substantive offense or has knowledge of it. Pinkerton v. United States, 328 U.S. 640 (1946). Here as to each offense except the firearms charges, there is evidence of the commission of every element either by one or both of the appellants or some co-conspirator; and all convictions, except the firearms charges, must be affirmed unless there is some merit to one of appellants' subsidiary issues. There is not.
 
 II.
 
 12
 Each of appellants raises issues concerning the allegedly erroneous admission of co-conspirator statements and Alonzo attacks the admission of prior "bad act" evidence against him. Neither of these allegations of error requires more than a short answer. As to the statements of co-conspirators, all of the requirements of Federal Rules of Evidence 801(d)(2)(E) have been met. Each statement was "by a co-conspirator.... during the course and in furtherance of the conspiracy" and there is no error in their admission. Cf. United States v. Jones, 542 F.2d 186 (4th Cir.1976), cert. denied 426 U.S. 922 (1976).
 
 
 13
 Likewise, the evidence of Alonzo's prior misconduct with Resende is unquestionably admissible. While appellant is correct that Federal Rules of Evidence 404 forbids the use of "evidence of other crimes, wrongs, or acts.... to prove the character of a person in order to show that he acted in conformity therewith," it nonetheless leaves such evidence "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." As another circuit has noted, this type "evidence is particularly probative where the government has alleged conspiracy." United States v. Sampol, 636 F.2d 621, 659, n. 23 (D.C.Cir.1980). The evidence of Alonzo participating in another drug conspiracy or conspiracies with Resende within three years before the conspiracy charged in this indictment can at least go to proving "plan or method of operation," see United States v. Nakaladski, 481 F.2d 289, 296-97 (5th Cir.1973), cert. denied 414 U.S. 1064 (1974).
 
 
 14
 Appellant Del-Toro also asserts that he was prejudiced by the government's failure to turn over to him at the time of compliance with Rule 16, Fed.R.Crim.P, the business card of another Florida realtor found in Del-Toro's wallet along with that of Resende at the time of arrest. Del-Toro argues that this is not only a violation of Rule 16, he having made a timely motion, but also that the card constituted exculpatory evidence; and the government's failure to produce it violated his due process rights under Brady v. Maryland, 373 U.S. 83 (1963). Neither of these bases establishes a ground for reversal. As to the Rule 16 ground, it is true that the government furnished copies of only a portion of the items which "were obtained from or belonged to the defendant." Rule 16, Fed.R.Crim.P. But the government maintained an "open file" policy throughout and gave defense counsel ample notice and opportunity to take advantage of this policy. If defendant did not, this is not from any fault of the prosecution. The actual reason that the defendant did not is likely related to the weakness of the Brady claim. The card simply is not exculpatory under any but the most tortured theory. The tortured theory offered by defendant on appeal is that showing possession of another realtor's card could have permitted a jury to infer that Del-Toro's association with Resende and his trip to West Virginia were for purposes of conducting some real estate investment rather than pursuit of the goals of the drug conspiracy. Not only does this argument not explain why all Del-Toro's contacts on the trip were with persons affiliated with the drug conspiracy, or why he was accompanied by a drug co-conspirator, or why he was carrying a loaded handgun; or why he made no contact with anyone connected with the real estate field in West Virginia; but it also ignores the fact conceded by all parties that the other realtor was a relative of Resende's operating out of the same premises. In any event, no right of Del-Toro's was violated and no relief can be granted on this ground.
 
 III.
 
 15
 The only meritorious assignment of error goes to the firearms conviction of each appellant. Each argues that the only evidence of violation of 18 U.S.C. Sec. 924(b) is that he was found within the state of West Virginia in possession of a handgun. Each argues that this is insufficient to establish that he "[W]ith intent to commit therewith an offense punishable by imprisonment for a term exceeding one year, or with knowledge or reasonable cause to believe that an offense punishable by imprisonment for a term exceeding one year is to be committed therewith, ships, transports, or receives a firearm or any ammunition in interstate or foreign commerce...." This was the offense with which each was charged. Appellants' argue correctly that there is no reason to believe the firearms were obtained before their arrival in West Virginia amounting to any more than mere speculation.* The government really does not address this issue on appeal but asserts that "the interstate travel and the firearms are not serious issues" (Brief of appellee p. 27), citing United States v. Laughman, 618 F.2d 1067, 1075 (4th Cir.1980), cert. denied 447 U.S. 925 (1980), to the effect that a criminal conviction must stand if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." In this case, one of the "essential elements," interstate transportation of the firearm, is missing, and this conviction cannot stand. We will, therefore, reverse this conviction. However, since the sentences on all counts are concurrent and the record makes it apparent the sentences as to the other counts were not enhanced in any fashion by the existence of the firearms convictions, we need take no further action with respect to the other convictions nor need we remand for any further action by the trial court. See Barnes v. United States, 412 U.S. 837 (1973).
 
 AFFIRMED IN PART, REVERSED IN PART
 
 
 *
 We express no opinion as to what the sufficiency of the evidence would have been had the firearms been found upon them more nearly at the moment of their arrival